IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN WILLIAM YORK,

        Plaintiff,

v.

TAMELLA CARPENTER and MARITZA V. ENCINITAS,

        Defendants.

Case No. 6:16-cv-00320-MO

ORDER

MOSMAN, District Judge.

This civil rights action comes before the court on plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#21). Plaintiff asks the court to order defendants to immediately refrain from: (1) requiring him to make any verbal or written statements against his will; (2) requiring him to answer a sexual history questionnaire; (3) requiring him to wear a GPS ankle monitor; and (4) committing any retaliatory acts against him in the future.

1 - ORDER

The standards for a temporary restraining order ("TRO") and a preliminary injunction are essentially identical. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127. 1134-35 (9th Cir. 2011). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

In this case, plaintiff challenges the conditions associated with his post-prison supervision. He principally asks the court to preclude defendants from enforcing these

2 - ORDER

conditions. Plaintiff's requests for preliminary injunctive relief improperly seek to change the relative position of the parties, not preserve it, insofar as plaintiff seeks relief from the conditions of his release. This is not an appropriate application of preliminary injunctive relief. *See Stanley, supra; see also Marlyn Nutraceuticals, Inc. v. Mucas Pharma Gmbh & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (mandatory injunctions which go beyond the status quo are particularly disfavored). In addition, plaintiff has not demonstrated that defendants are enforcing terms of post-prison supervision that are not consistent with the orders of the applicable state court(s) or that the terms of his supervision are not commensurate with plaintiff's criminal history as a sex offender.

Plaintiff also asks the court to issue an order enjoining any potential retaliatory conduct by defendants. Such adverse action is too speculative to support preliminary injunctive relief. *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").

Plaintiff fails to demonstrate the likelihood of any irreparable injury in this case. He also fails to establish a

3 - ORDER

likelihood of success on the merits. As a result, preliminary injunctive relief is not appropriate.

## CONCLUSION

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#21) is denied. Plaintiff's Motion for Appointment of Counsel (#22) is denied for the reasons previously identified in the court's Order (#12) dated April 5, 2016.

IT IS SO ORDERED.

DATED this 7th day of July, 2016.

Michael W. Mosman
United States District Judge

4 - ORDER