IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**BRIAN WILLIAM YORK**,

    Plaintiff,

v.

**TAMELLA CARPENTER, et al.**,

    Defendants.

No. 6:16-cv-00320-MO

OPINION AND ORDER

**MOSMAN, J.**,

Mr. York has filed a pro se Complaint [2] against his Probation Officer Tamella Carpenter and his treatment counselor Maritza Encinas, alleging multiple violations of his constitutional rights. Ms. Carpenter and Ms. Encinas have moved for summary judgment, arguing various theories for why these claims should be dismissed and judgment rendered in their favor as a matter of law. For the reasons explained below, I GRANT summary judgment in favor of Defendants and ORDER that the claims against them be DISMISSED with prejudice.

## BACKGROUND

Mr. York served a sentence of incarceration after being convicted of sexually assaulting two underage females. Upon his release, he was put under the supervision of Ms. Carpenter and ordered to wear a GPS monitoring device by the Adult Probation and Parole Division of Deschutes County Department of Community Justice ("APP"). Ms. Carpenter was responsible for enforcing the conditions of Mr. York's release, including conditions related to housing and

1 – OPINION AND ORDER

sex offender treatment. She also supervised his activities and spoke with his mother about housing options, since the Oregon Board of Parole and Post-Prison Supervision ("OBPPS") imposed several restrictions on where he could reside.

As a condition of probation, OBPPS required that Mr. York attend, pay for, and complete sex offender treatment. Accordingly, he was assigned to take group treatment classes with Ms. Encinas, a sex offender counselor who works for a mental health treatment facility that provides sex offender treatment to indigent parolees. After a couple of sessions, Ms. Encinas reported to Ms. Carpenter that Mr. York was not abiding by the rules of the program. She claimed Mr. York refused to take responsibility for his crimes, blamed his victims, bullied other participants, and refused to participate meaningfully in treatment. As a result, Ms. Carpenter met with Mr. York on December 24, 2015, to address these issues. After Ms. Carpenter continued to receive reports from Ms. Encinas that Mr. York acted inappropriately during subsequent sessions, Ms. Carpenter and her supervisor determined that Mr. York had violated the conditions of his release, and should be confined in the county jail for twelve days as a sanction. As a result, Mr. York was incarcerated from February 1, 2016, until February 12, 2016.

Mr. York filed a Tort Claims Notice with Defendants on January 8, 2016, and a Complaint [2] on February 22, 2016. While the underlying facts are not in dispute, he alleges that Defendants have violated his First, Fifth, Eight, and Fourteenth Amendment rights. Both Defendants have moved for summary judgment on all claims alleged against them.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify

the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of evidence listed in Rule 56(c)(1), that there remains a "genuine issue for trial." *Celotex*, 477 U.S. at 324. The non-moving party may not rely upon the pleading allegations. *See Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing Fed. R. Civ. P 56(e)). Additionally, a "summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Indeed, a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House*, 104 F.3d 1168, 1171 (9th Cir. 1997). "[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### A. Claims Against Defendant Carpenter

Mr. York alleges Ms. Carpenter has violated his constitutional rights. First, he claims she referred to him as a "predatory sex offender" while talking to his mother, in violation of his First Amendment rights. He also claims that she required him to lie during therapy sessions. Separately, he claims she violated his rights by failing to take action against Ms. Encinas's alleged practice of "espousing and enforcing her religious and political views" during treatment

classes. Mr. York also takes issue with the requirements that he wear an ankle monitor, and attend, pay for, and successfully complete sex offender treatment or face incarceration. Finally, he claims that Ms. Carpenter violated 18 U.S.C. § 1512(a)(2) by conspiring to have him incarcerated in retaliation for initiating this lawsuit. Ms. Carpenter is entitled to summary judgment in her favor on all of these claims.

As to Mr. York's claim that Ms. Carpenter violated his First Amendment right when she called him a "predatory sex offender" during a conversation with his mother, he has failed to provide sufficient facts to support a finding that there is a genuine dispute of material fact. Mr. York's claim is based on the allegation that "predatory sex offender" is a legal term that results from an administrative adjudication. Since he was never adjudicated a predatory sex offender, he claims Ms. Carpenter violated his rights by referring to him as such. His mother, however, testified during her deposition that Ms. Carpenter called him a "predator," not a "predatory sex offender." Accordingly, his allegations are not supported by facts in the record. To the extent that Mr. York claims the term "predator" or "predatory sex offender" is defamatory, defamation is not the basis of Mr. York's claim as alleged in his Complaint, which alleges only constitutional violations. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is . . . not a constitutional deprivation.). Because Mr. York cannot allege facts that would transform these statements into a constitutional violation, this claim is DISMISSED with prejudice.

As to Mr. York's allegation that Ms. Carpenter violated his Fifth and Fourteenth Amendment rights by requiring him to attend, pay for, and complete sex offender classes as a condition of his post-prison supervision, he has failed to provide sufficient facts to support a finding that Ms. Carpenter has violated his constitutional rights. Ms. Carpenter provided a copy

4 – OPINION AND ORDER

of Mr. York's post-prison supervision conditions, as ordered by the by the OBPPS.  Successful completion of sex offender treatment was a condition of his post-prison release, not a requirement unilaterally imposed by Ms. Carpenter.  Mr. York has failed to provide any argument to substantiate his purported belief that Ms. Carpenter violated his constitutional rights by enforcing a condition of his release.  Indeed, it is difficult to imagine a legal theory under which Ms. Carpenter can be held liable for enforcing a condition of release.  Accordingly, this claim is DISMISSED with prejudice.

As to Mr. York's allegation that Ms. Carpenter violated his constitutional rights by requiring that he admit his guilt, admit that he lied, and make other untrue statements during his sex offender treatment classes, Mr. York has failed to provide evidence of specific facts to support this allegation from which a jury could return a verdict in his favor.  The affidavit that Mr. York attached to his Response in Opposition to Summary Judgment [57] does not provide any specific facts supporting his claims that Ms. Carpenter has forced or required him to make false or untrue statements, including those about his crimes or victims.  Since Mr. York should have been able to provide the specific facts to support these claims based on his own-first and knowledge, but failed to do so, this claim is DISMISSED with prejudice.

Additionally, Mr. York has failed to provide any evidence to substantiate his claim that Ms. Carpenter actually knew of Ms. Encincas's alleged acts of espousing her own religious and political views on Mr. York during group therapy.  Mr. York failed to provide any specific facts to support these allegations during his deposition.  In addition, he failed to do so in his affidavit or in any other evidence he provided in support of his Response in Opposition to Summary Judgment [57].  More fundamentally, his allegations do not arise to a constitutional violation because Mr. York has failed to claim that Ms. Carpenter in some way ratified and supported Ms.

5 – OPINION AND ORDER

Encinas's statements. Accordingly, because Mr. York's allegations are not factually supported and because, even if true, they do not rise to the level of a constitutional violation, this claim is DISMISSED with prejudice.

Finally, Mr. York's claim against Ms. Carpenter for violating 18 U.S.C. 1512(a)(2) is DISMISSED with prejudice. It is a criminal statute without a corresponding private right of action. Quite simply, Mr. York does not have standing to bring a claim under this statute.

## B. Claims Against Defendant Encinas.

Mr. York alleges several constitutional violations by Ms. Encinas. Specifically, he alleges that she violated his First Amendment rights by discussing her religious and political views with him, and by kicking him out of class when he did not agree with her belief about an eighteen year-old's ability to consent to a sexual relationship. Additionally, Mr. York claims that he cannot honestly answer her questions and participate in group therapy without violating her rules. To this end, he claims that Ms. Encinas forced him to make untrue statements about his victims and to provide information about victims that he was not actually convicted of assaulting, all in violation of his First, Fourth, Fifth, and Fourteenth Amendment rights. Finally, he alleges that Ms. Encinas retaliated against him for failing to follow her rules, when she refused to allow him to switch his therapy days, thereby jeopardizing his employment.

Ms. Encinas is entitled to summary judgment on these claims. First, Mr. York has failed to provide evidence supporting his allegations that Ms. Encinas violated his constitutional rights. Regarding Ms. Encinas's alleged comments about politics and religion, Mr. York could not identify any specific statements she made about these issues during therapy sessions. In addition, Mr. York has been unable to substantiate his allegations that Ms. Encinas required him to make false statements during therapy or that she kicked him out of a therapy session because

6 – OPINION AND ORDER

he disagreed with her. To the extent that he alleges a constitutional violation by being required to admit past crimes that he did not commit, Mr. York has failed to substantiate those claims with specific facts. Furthermore, Mr. York cannot bring a Section 1983 claim against a counselor simply because the counselor required him to admit past wrongs as part of his sex treatment counseling, which he agrees to complete in order to be released from prison. *See Neal v. Shimoda*, 131 F.3d 818, 832-33 (9th Cir. 1997) (explaining that the Fifth Amendment is not violated by requiring sex offenders to admit their offenses and take responsibility for their behavior as part of a sex offender treatment program, especially when there is no real probability that the State would use their admissions against them in a future criminal proceeding); *see also Allison v. Snyder*, 332 F.3d 1076, 1080 (7th Cir. 2003) (explaining that such practices are not unconstitutional). Finally, Mr. York has failed to provide evidence substantiating his claim that Ms. Encinas's refusal to allow him to switch therapy days was actually retaliatory for his refusal to lie during therapy, rather than a reflection of her determination that he was better suited for the Friday therapy session. Moreover, he has failed to provide an avenue by which her refusal to move his treatment day, even if retaliatory, and even if it made his employment prospects difficult, would amount to a constitutional violation.

Even if Mr. York could establish a constitutional violation by Ms. Encinas, she would be entitled to summary judgment because she is not a state actor. In order to prove a Section 1983 claim against Ms. Encinas, a private therapist, Mr. York must prove that she acted under color of state law when depriving him of his constitutional rights. *West v. Atkins*, 487 U.S. 42, 49 (1988). This is a high bar, as there is a "presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private individual may act under color of state law when (1) providing a public

7 – OPINION AND ORDER

function, (2) engaging in joint action with the state to deprive an individual of his constitutional rights, (3) acting under government compulsion, or (4) acting with such a close nexus with the state that the private behavior may be fairly treated as that of the State. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

Here, it does not appear that Ms. Encinas's alleged actions amount to acting under color of state law. She is a private therapist who was providing sex therapy treatment to Mr. York as part of a contract her company had with the County. Providing sex therapy treatment to former inmates is not an inherently public function because it is not constitutionally-mandated healthcare. *See generally George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1232 (9th Cir. 1996) (distinguishing instances where a private party provides constitutionally-mandated health care as constituting state action). There is no allegation that her alleged constitutional violations occurred as a result of government compulsion, or that her actions had such a close nexus with the state that her behavior can be fairly treated as that of the state.

The only question, then, is whether Mr. York has provided evidence to show that the state engaged in joint action with Ms. Encinas to deprive him of his constitutional rights. "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color of law.'" *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 926 (9th Cir. 2011) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982). Joint action occurs when "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity," and "the state knowingly accepts the benefits derived from unconstitutional behavior." *Id.* (citation omitted)

The only "joint action" that Mr. York appears to allege is his claim that Ms. Encinas and Ms. Carpenter conspired to violate his constitutional rights by requiring him to make false

8 – OPINION AND ORDER

statements or else face incarceration. As discussed above, however, Mr. York has not provided evidence to support these allegations. To the extent that Ms. Encinas reported to Ms. Carpenter about his behavior and participation in the treatment, such coordination does not rise to the level of joint action, since there is no evidence beyond Mr. York's only conclusory statements that she had any control over decisions to incarcerate him for failing to abide by his post-release requirements. *See generally, Florer*, 639 F.3d at 927. Thus, there is no evidence to support a finding that the state and Ms. Encinas engaged in joint action to deprive Mr. York of his constitutional rights.

Accordingly, because there is insufficient evidence to substantiate Mr. York's claims that Ms. Encinas violated his constitutional rights, or that as a private party she may be liable at all for a constitutional violation, the claims against Ms. Encinas are DISMISSED with prejudice.

## CONCLUSION

For the reasons stated above, Defendant Carpenter's Motion for Summary Judgment [37] and Defendant Encinas's Motion for Summary Judgment [52] are GRANTED. All claims against Defendants are DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this __27th__ day of January, 2017.

/s/ Michael W. Mosman\
MICHAEL W. MOSMAN\
Chief United States District Judge

9 – OPINION AND ORDER